# EXHIBIT A

| Summons | CIVIL DOCKET NO. 2285CV00772 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Hawa Massey Plaintiff(s) vs. Walmart Inc. Defendant(s) | | Dennis P. McManus   Clerk of Courts<br>Worcester   County<br>COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

THIS SUMMONS IS DIRECTED TO __Walmart Inc.__ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Worcester Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, __Worcester Superior__ Court __225 Main Street, Worcester, MA 01608__ (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __Ryan P. Avery, Esq.   221 E. Main Street, Suite 202, Milford, MA 01757__

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont): You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Breger, Chief Justice on July 13, 20 22 . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____    Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                           SUPERIOR COURT DEPARTMENT
                                         CIVIL ACTION NO. 2285CV00772

HAWA MASSEY,          )
        Plaintiff     )
                      )
V.                    )
                      )
WALMART INC.,         )
        Defendant     )   **COMPLAINT AND JURY DEMAND**
_____)

## PARTIES

1. The Plaintiff Hawa Massey ("Massey") is a natural person who resides at 408 W Main Street, Dudley, Worcester County, Commonwealth of Massachusetts.

2. The Defendant Walmart Inc. ("Walmart") is a Delaware corporation with a principal office located at 702 SW 8th Street, Bentonville, Benton County, State of Arkansas.

3. Walmart transacts business on a daily basis within and across the Commonwealth of Massachusetts at various locations including its retail supercenter located at 742 Main Street, North Oxford, Worcester County, Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

4. Massey was hired by Walmart as a stock room employee on or about August 27, 2010.

5. Massey received several promotions during her employment with Walmart. For example, she was promoted to Department Manager in 2012 and Assistant Store Manager in 2014 at which time she became a salaried employee. In 2020, she was promoted to Overnight Coach.

6. Massey received several raises during her employment with Walmart. Between 2014 and 2020 alone, Massey's annual salary increased by over $20,000 from approximately $38,000 to just under $60,000.00.

7. The last time that Massey received any form of work-related discipline or counseling from Walmart was in 2016.

8. Walmart evaluated Massey as a "Solid Performer" in 2019 and as "Meeting Expectations" in 2020 and 2021.

9. On August 20, 2021, Massey applied for paid medical leave through the Massachusetts Department of Family and Medical Leave ("the Department") from

1

September 7, 2021 through January 1, 2022 in anticipation of the birth of her son in September. See **Exhibit "A."**

10. Massey informed her store manager as well as Walmart's Human Resources Department about her request for medical leave beginning September 7, 2021. Upon information and belief, Walmart also communicated with the Department concerning Massey's request for medical leave.

11. Massey gave birth to her son Gabriel on September 8, 2021.

12. Massey's request for medical leave from September 7, 2021 through January 1, 2022 was formally approved by the Department on September 21, 2021. See Exhibit "A."

13. Massey was eligible to take at least nine weeks of paid family leave (also known as "bonding leave") to care for her new son at the expiration of her medical leave in January of 2022.

14. Massey contacted the Department in December of 2021 to apply for paid family leave.

15. Massey informed both her store manager as well as Walmart's Human Resources Department of her request for paid family leave in December of 2021. Upon information and belief, the Department e-mailed Walmart about Massey's intent to take paid family leave in early January of 2022.

16. On or about January 5, 2022, Walmart sent Massey a letter alleging that her claim for a "Leave of Absence" had been denied. See **Exhibit "B."**

17. Massey called her store manager after receiving Walmart's letter and was told that (1) she did not have any additional leave time and (2) that she would either be terminated or viewed as abandoning her position if she did not report back to work immediately.

18. Walmart's allegation that Massey did not have any additional leave time was and is false.

19. Moreover, Walmart had no lawful authority or basis to "deny" Massey's claim to the Department for paid family leave.

20. Massey did not return to work as instructed given her eligibility and pending claim for paid family leave.

21. On February 3, 2022, Massey's application for paid family leave from January 5, 2022 through March 26, 2022. See **Exhibit "C."**

22. On or about February 28, 2022, Massey learned from Walmart's 401(k) retirement account provider that her employment with Walmart had been terminated on February 17, 2022.

2

23. Personnel file documents produced by Walmart indicate that Walmart in fact terminated Massey's employment on February 7, 2022.

24. Despite diligent efforts, Massey has been unable to secure new employment since her termination from Walmart's employment.

25. Walmart's conduct has caused Massey significant emotional distress.

## COUNT I – VIOLATION OF M.G.L. CHAPTER 175M § 2(e)

26. The plaintiff repeats Paragraphs 1-25 above and incorporates them herein by reference.

27. The plaintiff applied and was approved for paid medical leave and paid family leave through the Massachusetts Department of Family and Medical Leave for a continuous period between September 7, 2021 and March 26, 2022.

28. Under M.G.L. c. 175M § 2(e), the plaintiff was entitled to be restored to her previous position or to an equivalent position, with the same status, pay, employment benefits, length-of-service credit and seniority as of the date that her leave began.

29. The defendant failed to restore the plaintiff to her previous position and terminated her employment prior to the end of her approved leave.

30. As a result of the defendant's violation of M.G.L. c. 175M § 2(e), the plaintiff has suffered compensatory damages.

## COUNT II – VIOLATION OF M.G.L. CHAPTER 175M § 2(f)

31. The plaintiff repeats Paragraphs 1-30 above and incorporates them herein by reference.

32. The plaintiff applied and was approved for paid medical leave and paid family leave through the Massachusetts Department of Family and Medical Leave for a continuous period between September 7, 2021 and March 26, 2022.

33. Per M.G.L. c. 175M § 2(f), the taking of family or medical leave "shall not affect an employee's right to accrue vacation time, sick leave, bonuses, advancement, seniority, length-of-service credit or other employment benefits, plans or programs."

34. Per M.G.L. c. 175M § 2(f), "the employer shall provide for, contribute to or otherwise maintain the employee's employment-related health insurance benefits, if any, at the level and under the conditions coverage would have been provided if the employee had continued working continuously for the duration of such leave."

35. The defendant's termination of the plaintiff's employment prior to the end of her approved leave has interfered with the plaintiff's accrual of employment benefits

3

with the defendant.

36. Additionally, the defendant has failed to maintain the plaintiff's coverage and participation in the defendant's health insurance plan.

37. As a result of the defendant's violations of M.G.L. c. 175M § 2(e), the plaintiff has suffered compensatory damages.

## COUNT III – VIOLATION OF M.G.L. CHAPTER 175M § 9(a)

38. The plaintiff repeats Paragraphs 1-37 above and incorporates them herein by reference.

39. The plaintiff applied and was approved for paid medical leave and paid family leave through the Massachusetts Department of Family and Medical Leave for a continuous period between September 7, 2021 and March 26, 2022.

40. The defendant discharged the plaintiff in retaliation for the plaintiff's exercise of rights to which she was entitled under M.G.L. Chapter 175M, and-or with the purpose of interfering with the plaintiff's exercise of rights under M.G.L. Chapter 175M.

41. As a result of the defendant's violation of M.G.L. c. 175M § 9(a), the plaintiff has suffered compensatory damages.

WHEREFORE, the Plaintiff prays that this Honorable Court:

1. Enter judgment in her favor on Counts I – III of the complaint;

2. Compensate her for three (3) times her lost wages and benefits, and the interest thereon;

3. Award her equitable front pay or, in the alternative, reinstate her to the position of Overnight Coach with all fringe benefits and seniority rights;

4. Award her the costs of this action and reasonable attorney's fees;

5. Award her all other relief that this Honorable Court deems fair and just.

## JURY DEMAND

The plaintiff requests a trial by jury on all claims and issues.

                                                Respectfully Submitted,
                                                HAWA MASSEY
                                                By Her Attorney,

                                                */s/ Ryan P. Avery*

                                                Ryan P. Avery, Esq., BBO #679233
                                                MIRAGEAS & AVERY,
                                                221 East Main St., Suite 202
                                                Milford, MA 01757
                                                Tel:    (508) 381-0499
                                                Fax:   (508) 478-0984
July 7, 2022                                    ravery@mirageas.com



**DFML**
**MA** Department of Family and Medical Leave
P.O. Box 838, Lawrence, MA 01842

Hawa Massey
408 W Main St
Dudley, MA 01571

RE: Hawa Massey
Paid Leave Application ID: NTN-415468-ABS-01

# NOTICE OF APPROVAL OF APPLICATION

09/21/2021

Dear Hawa Massey,

Your application for Paid Family and Medical Leave (PFML) was filed on 08/20/2021. Information about your benefits eligibility is explained below. You should keep this notice for reference throughout the duration of your leave.

If you are receiving this notice because you requested to add time to an existing approved leave application, there is no waiting period for payment for the additional time. The dates in this notice only reflect the additional time. You should have received a separate notice with the dates of your original leave request.

### Decision

The Department has approved your application. You meet the eligibility requirements to establish an application for PFML benefits and are entitled to receive benefits as long as you are not disqualified or found ineligible for other reasons. This decision was made in accordance with 458 CMR 2.00.

Your approval for Paid Family and Medical Leave (PFML) benefits is effective as of 09/07/2021. You are eligible for benefit payments until 01/01/2022. Remember, the first seven (7) calendar days of your leave are not eligible for payment. To learn more about the payment process and the 7-day waiting period, go to www.mass.gov/paidleavepayment.

If you are approved for an episodic (intermittent) leave schedule, you will need to report your hours in order for the Department to review and approve your payment. You can report your hours as soon as you have taken at least 8 hours of leave, or when more than thirty (30) calendar days have passed since you started your paid leave, by calling the DFML Hours Reporting line at (857) 972-9256 from 8 am – 5 pm ET. Learn more about reporting hours at www.mass.gov/paidleave. To check the status of your payment, you can call (833) 344-7365.

Application ID: NTN-415468-ABS-01

If you plan to **extend your leave**, you must notify the Department **within fourteen (14) days of your leave end date** to avoid a second 7-day waiting period. You can do this by calling (833) 344-7365. You must also notify your employer at this time.

## Application Summary for Application ID NTN-415468-ABS-01 from WAL MART ASSOCIATES INC PAYROLL TAX#0555

The maximum benefit amount that you are eligible for is **$779.74 Weekly**. This will be prorated based on how much leave you take each week.

| Schedule   | Start date | End date   | Absence details |
|------------|------------|------------|-----------------|
| Continuous | 09/07/2021 | 01/01/2022 | N/A             |

You are entitled to take leave and receive benefits **only in connection with the specific qualifying reason(s) established in the certification and other documents** submitted with your application for leave. Leave may not be taken for reasons outside of the scope of the certification and other application documents. The Department reserves the right to deny or require reimbursement of benefits for any period of leave that is not taken for a qualifying reason.

Legally, under 458 CMR 2.10(1), you are required to report any relevant change in circumstances that may affect the duration of your leave, your eligibility for benefits, or the amount of your benefit payment within seven (7) days. You must do so by calling the DFML Contact Center at (833) 344-7365.

If you do not provide the Department with notice of a relevant change in circumstances that would reduce the amount of benefits you receive, you will be responsible for reimbursing the Department the amount overpaid within thirty (30) calendar days of a request made by the Department.

If you have any questions about this notice or your claim, please visit the Department of Family and Medical Leave website at www.mass.gov/DFML. If your questions are not answered on the website, you may call the DFML Contact Center at (833) 344-7365.

If you disagree with the above decision on your application for benefits and wish to file an appeal, please see the attached instructions on how to file an appeal. You must request an appeal within ten (10) calendar days of the receipt of this notice or this decision will become final.

Application ID: NTN-415468-ABS-01

## How to request an appeal on this decision

You have a right to appeal this decision. To exercise this right, you must file an appeal **within ten (10) calendar days of receiving notification of the decision.** If you do not submit a timely appeal, you waive your right to do so.

You may file an appeal by submitting a request at www.mass.gov/paidleavedecisionappeal. Alternatively, call us at (833) 344-7365 from 8 am – 5 pm ET and we will mail you an Appeal Request form which you can then file by fax or mail. Please write your Application ID at the top of each page of all documents sent by mail or fax. You can find your Application ID at the top of this notice. Any documents sent to verify your identity (ID) must be sent in color. Only send copies of any documents you provide. Do not send original documents, such as a birth certificate, as they will not be returned to you.

**Department of Family and Medical Leave
P.O. Box 838
Lawrence, MA 01842
Fax: 617-855-6180**

Once you file your appeal you will have a right to a hearing if you so choose. The hearing will be conducted in accordance with the Standard Rules of Practice and Procedure, as found in M.G.L Ch30A and 801 CMR 1.02 (Informal/Fair Hearing Rules).

Although such representation is not required, any party may be represented at the hearing by counsel or an agent. If you would like counsel to represent you and are unable to engage one in private practice, you may meet the criteria for obtaining assistance; visit www.mass.gov/service-details/finding-legal-help for more information regarding free legal services. In limited circumstances, the Department may extend the ten-day filing period where an individual establishes to the satisfaction of the Department that circumstances beyond the individual's control prevented the filing of a request for an appeal within the prescribed ten-day filing period.

Application ID: NTN-415468-ABS-01

| | | |
|---|---|---|
| This document contains important information. Please have it translated immediately. | Questo documento contiene informazioni importanti. La preghiamo di tradurlo inmediatamente. | ເອກະສານສະບັບນີ້ ບັນຈຸຂໍ້ມູນອັນສຳຄັນ. ກະລຸນາເອົາເອກະສານສະບັບນີ້ໄປແປອອກ ຢ່າງບໍ່ຊ້າ. |
| В данном документе содержится важная информация. Вам необходимо срочно сделать перевод документа. | Este documento contém informações importantes. Por favor, traduzi-lo imediatamente. | ឯកសារនេះមានឧទ្ទិតមានសំខាន់ ។ សូមបកប្រែឱ្យជាបន្ទាន់ ។ |
| Este documento contiene información importante. Por favor, consiga una traducción inmediatamente. | 此文件含有重要信息。 請立即找人翻譯。 | |
| تحتوي هذه الوثيقة على معلومات هامة. يرجى ترجمتها فورًا. | 본 문서에는 중요한 정보가 포함되어 있습니다. 본 문서를 즉시 번역하도록 하십시오. | Ce document contient des informations importantes. Veuillez le faire traduire au plus tôt. |
| Docikman sa gen enfòmasyon enpòtan. Tanpri fè yon moun tradwi l touswit. | Tài liệu này có chứa thông tin quan trọng. Vui lòng dịch tài liệu này ngay. | |



**EXHIBIT B**



## Denial of Leave - Return to Work
### Walmart Inc. (Revised 10/12/2020)

Date: 1-5-2022

Dear: Hawa Massey

We have been notified by Sedgwick that your Leave of Absence request was denied on 1-5-2022.
For these reasons, we need to hear from you immediately.

Action required: Contact us. Please immediately contact your manager or HR Representative to make plans for your return to work.

NOTE: If you fail to take action within three days of your receipt of this letter, you may be deemed to have voluntarily terminated your employment with Walmart, except where prohibited by law.

If you're returning to work from a leave/absence due to your own serious health condition, you'll need to provide a written release/Return to Work Certification to your manager or HR representative on your first day back. A copy should also be faxed to Sedgwick at 859-264-4372, or emailed to walmartforms@sedgwicksir.com.

Please read the Frequently Asked Questions below for additional leave and return to work information.

Please contact us. The company appreciates your contributions and we look forward to working with you to ensure a smooth return and transition back to work.

Sincerely,

Facility Manager/HR Representative's Name: William Hollwedel / Dicane Liguz
Facility Manager/HR Representative's Title: Store Manager / HR Rep.
Facility Manager/HR Representative's Email: W0h00xu.s0202.us@wal-mart.com
Facility Manager/HR Representative's Alternate Phone Number: 516-376-1960
Facility Phone Number: 508-987-1444
Facility Name: Wal-mart
Facility Address: 742 Main Street
Facility City/State/Zip: N. Oxford Ma. 01537

Leave Denial Letter | RUS70A
Confidential - Internal Use Only | ©2020 Walmart Inc.



**DFML**
**MA** Department of Family and Medical Leave
P.O. Box 838, Lawrence, MA 01842

Hawa Massey
408 W Main St
Dudley, MA 01571

RE: Hawa Massey
Paid Leave Application ID: NTN-415468-ABS-01

# NOTICE OF APPROVAL OF APPLICATION

02/03/2022

Dear Hawa Massey,

Your application for Paid Family and Medical Leave (PFML) was filed on 08/20/2021. Information about your benefits eligibility is explained below. You should keep this notice for reference throughout the duration of your leave.

If you are receiving this notice because you requested to add time to an existing approved leave application, there is no waiting period for payment for the additional time. The dates in this notice only reflect the additional time. You should have received a separate notice with the dates of your original leave request.

**Decision**

The Department has approved your application. You meet the eligibility requirements to establish an application for PFML benefits and are entitled to receive benefits as long as you are not disqualified or found ineligible for other reasons. This decision was made in accordance with 458 CMR 2.00.

Your approval for Paid Family and Medical Leave (PFML) benefits is effective as of 01/05/2022. You are eligible for benefit payments until 03/26/2022. Remember, the first seven (7) calendar days of your leave are not eligible for payment. To learn more about the payment process and the 7-day waiting period, go to www.mass.gov/paidleavepayment.

If you are approved for an episodic (intermittent) leave schedule, you will need to report your hours in order for the Department to review and approve your payment. You can report your hours as soon as you have taken at least 8 hours of leave, or when more than thirty (30) calendar days have passed since you started your paid leave, by calling the DFML Hours Reporting line at (857) 972-9256 from 8 am – 5 pm ET. Learn more about reporting hours at www.mass.gov/paidleave. To check the status of your payment, you can call (833) 344-7365.

Application ID: NTN-415468-ABS-01

If you plan to **extend your leave**, you must notify the Department **within fourteen (14) days of your leave end date** to avoid a second 7-day waiting period. You can do this by calling (833) 344-7365. You must also notify your employer at this time.

### Application Summary for Application ID NTN-415468-ABS-01 from WAL MART ASSOCIATES INC PAYROLL TAX#0555

The maximum benefit amount that you are eligible for is **$810.71 Weekly**. This will be prorated based on how much leave you take each week.

| Schedule | Start date | End date | Absence details |
|---|---|---|---|
| Continuous | 01/05/2022 | 03/26/2022 | N/A |

You are entitled to take leave and receive benefits **only in connection with the specific qualifying reason(s) established in the certification and other documents** submitted with your application for leave. Leave may not be taken for reasons outside of the scope of the certification and other application documents. The Department reserves the right to deny or require reimbursement of benefits for any period of leave that is not taken for a qualifying reason.

Legally, under 458 CMR 2.10(1), you are required to report any relevant change in circumstances that may affect the duration of your leave, your eligibility for benefits, or the amount of your benefit payment within seven (7) days. You must do so by calling the DFML Contact Center at (833) 344-7365.

If you do not provide the Department with notice of a relevant change in circumstances that would reduce the amount of benefits you receive, you will be responsible for reimbursing the Department the amount overpaid within thirty (30) calendar days of a request made by the Department.

If you have any questions about this notice or your claim, please visit the Department of Family and Medical Leave website at www.mass.gov/DFML. If your questions are not answered on the website, you may call the DFML Contact Center at (833) 344-7365.

If you disagree with the above decision on your application for benefits and wish to file an appeal, please see the attached instructions on how to file an appeal. You must request an appeal within ten (10) calendar days of the receipt of this notice or this decision will become final.

Application ID: NTN-415468-ABS-01

## How to request an appeal on this decision

You have a right to appeal this decision. To exercise this right, you must file an appeal **within ten (10) calendar days of receiving notification of the decision.** If you do not submit a timely appeal, you waive your right to do so.

You may file an appeal by submitting a request at www.mass.gov/paidleavedecisionappeal. Alternatively, call us at (833) 344-7365 from 8 am – 5 pm ET and we will mail you an Appeal Request form which you can then file by fax or mail. Please write your Application ID at the top of each page of all documents sent by mail or fax. You can find your Application ID at the top of this notice. Any documents sent to verify your identity (ID) must be sent in color. Only send copies of any documents you provide. Do not send original documents, such as a birth certificate, as they will not be returned to you.

**Department of Family and Medical Leave**
**P.O. Box 838**
**Lawrence, MA 01842**
**Fax: 617-855-6180**

Once you file your appeal you will have a right to a hearing if you so choose. The hearing will be conducted in accordance with the Standard Rules of Practice and Procedure, as found in M.G.L Ch30A and 801 CMR 1.02 (Informal/Fair Hearing Rules).

Although such representation is not required, any party may be represented at the hearing by counsel or an agent. If you would like counsel to represent you and are unable to engage one in private practice, you may meet the criteria for obtaining assistance; visit www.mass.gov/service-details/finding-legal-help for more information regarding free legal services. In limited circumstances, the Department may extend the ten-day filing period where an individual establishes to the satisfaction of the Department that circumstances beyond the individual's control prevented the filing of a request for an appeal within the prescribed ten-day filing period.

Application ID: NTN-415468-ABS-01

| | | |
|---|---|---|
| This document contains important information. Please have it translated immediately. | Questo documento contiene informazioni importanti. La preghiamo di tradurlo inmediatamente. | ເອກະສານສະບັບນີ້ ບັນຈຸຂໍ້ມູນອັນສຳຄັນ. ກະລຸນາເອົາເອກະສານສະບັບນີ້ໄປແປອອກ ຢ່າງບໍ່ຊັກຊ້າ. |
| В данном документе содержится важная информация. Вам необходимо срочно сделать перевод документа. | Este documento contém informações importantes. Por favor, traduzi-lo imediatamente. | ឯកសារនេះមានខ្លឹមសារដ៏សំខាន់ ។ សូមបកប្រែវាជាបន្ទាន់ ។ |
| Este documento contiene información importante. Por favor, consiga una traducción inmediatamente. | 此文件含有重要信息。請立即找人翻譯。 | |
| تحتوي هذه الوثيقة على معلومات هامة. يرجى ترجمتها فوراً. | 본 문서에는 중요한 정보가 포함되어 있습니다. 본 문서를 즉시 번역하도록 하십시오. | Ce document contient des informations importantes. Veuillez le faire traduire au plus tôt. |
| Docikman sa gen enfòmasyon enpòtan. Tanpri fè yon moun tradwi l touswit. | Tài liệu này có chứa thông tin quan trọng. Vui lòng dịch tài liệu này ngay. | |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2285CV00772 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Worcester Superior Court (Worcester) |

| Plaintiff: Hawa Massey | Defendant: Walmart Inc. |
|---|---|
| ADDRESS: 408 W Main Street, Dudley, MA 01571 | ADDRESS: 702 SW 8th Street, Bentonville, AR 72716 |
| Plaintiff Attorney: Ryan P. Avery | Defendant Attorney: |
| ADDRESS: 221 East Main Street, Suite 202, Milford, MA 01757 | ADDRESS: |
| BBO: 679233 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO

Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date $15,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages $35,001.00
F. Other documented items of damages (describe below) TBD

Emotional distress; value of lost fringe benefits of employment

TOTAL (A-F): $50,001.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Wrongful discharge in violation of M.G.L. c. 175M (retaliation/interference with paid family medical leave)

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X /s/ Ryan P. Avery    Date: 7/6/22

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /s/ Ryan P. Avery    Date: 7/6/22

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2285CV00772 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Hawa Massey vs. Walmart Inc. | | Dennis P. McManus, Clerk of Courts |
| TO: Ryan P Avery, Esq.<br>Mirageas and Avery<br>221 East Main St<br>Suite 202<br>Milford, MA 01757 | | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                                                **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/04/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 11/03/2022 | |
| All motions under MRCP 12, 19, and 20 | 11/03/2022 | 12/05/2022 | 01/03/2023 |
| All motions under MRCP 15 | 11/03/2022 | 12/05/2022 | 01/03/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/02/2023 | | |
| All motions under MRCP 56 | 06/01/2023 | 07/03/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/30/2023 |
| Case shall be resolved and judgment shall issue by | | | 07/05/2024 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/08/2022 | Cheryl Riddle | (508)831-2358 |

MIRAGEAS & AVERY
221 E. Main Street
Suite 202
Milford, MA 01757-2826

**CERTIFIED MAIL**

062S0007397459

$9.410
US POSTAGE
FIRST-CLASS
FROM 01757
07/13/2022
stamps
endicia

9414 7118 9956 2434 6539 91

WALMART INC.
Attn: Legal
702 SW 8TH ST
BENTONVILLE AR 72716-6209

**CERTIFIED MAIL**




stamps.com

★ 1-UP Laser Form ★
★ WUSA CMF - 13405/21 ★